Ms. Linda McGarity Oldner Arkansas Adult Probation Commission 2020 West 3rd Little Rock, AR 72205
Dear Ms. Oldner:
This is in response to your letter wherein you request an opinion on the following:
 The Arkansas Adult Probation Commission formally request an "Attorney General's Opinion" (AG-1-1987) on the following issues:
 SITUATION: An Arkansas Adult Probation Officer accepted supervision of a probationer (through the Interstate Compact Agreement) who was sentenced to probation by an out-of-state court for kidnapping and robbery. The probationer obtained a job locally as a manager trainee, which would eventually involve access to company funds. The probation officer was advised by the Circuit Judge to give the probationer an opportunity to disclose his probationary record to his employer, otherwise it would be disclosed by the officer. The probationer did not make the disclosure, therefore, it was subsequently made by the officer, after which the employer chose to retain the probationer as an employee. Recently, the probationer and a substantial night deposit disappeared. The probationer is being sought by the authorities.
 ISSUES: 1. Is an adult probation officer legally obligated to disclose the existence of a current probation record to an employer/prospective employer of an employee/prospective employee under the officer's probation supervision? If so, is there liability for failure to disclose if the employer suffers a loss from the misconduct of the probationer? Or is the officer liable for making such a disclosure if the probationer loses his/her job or is refused a promotion as a result of the disclosure?
 2. If the adult probation officer is sued as result of his/her decision in the above situation, who is responsible for the officer's legal representation? POINT OF CONSIDERATION: Salaries of the majority of the adult probation officers in the state are paid partially or totally by the Arkansas Adult Probation Commission through grant awards to the circuits. The partially paid salaries are supplemented by the counties.
Generally, the State of Arkansas has not waived its right to sovereign immunity. Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. Ark. Stat. Ann. 13-1420. In the event that a state or federal court enters a judgment against an officer or employee of the State of Arkansas, the state is obligated to pay the actual (not punitive) award so long as the officer or employee was acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties. Ark. Stat. Ann. 12-3401. The most common way for an employee to be sued in an official capacity is through the State Claims Commission where the state agency would be sought to be held liable for the tortious acts of its employees. Ark. Stat. Ann. 13-1401 et seq. A state employee may also be sued in federal court for denying an individual his constitutional rights under color of state law. See 42 U.S.C. § 1983.
I am aware of no Arkansas cases which speak directly to whether a cause of action may be stated for the negligent failure by one having supervision of a probationer to warn a third party, such as a prospective employer, of the dangerous propensities of that person. Those states which have recognized such a tort action appear to show a duty to warn in those instances in which the released offender poses a predictable threat of harm to a named or readily identifiable victim or group of victims who can be effectively warned of the danger. See Thompson v. County of Alameda, 614 P.2d 728 (Cal. 1980). In other words, a specific danger to a foreseeable or readily identifiable victim must be shown. See Vu v. Singer Co., 706 F.2d 1027 (9th Cir.) cert. denied, 104 S.Ct. 350 (1984); see also 12 ALR4th 722. Accordingly in answer to your first issue, it would appear that a state adult probation officer may have under some circumstances a duty to warn a third party, such as an employer or prospective employer of a specific danger that might be incurred as a result of hiring a specific probationer. As with any tort action, the breach of a duty with damages proximately resulting is actionable. So long as the probation officer supplies the information in good faith and without malice for the purposes of fulfilling this duty, I can see little likelihood of the probation officer being liable to the probationer for the disclosure.
As regards your second issue, the Office of the Attorney General would normally represent all state employees and officials who are sued in their official capacities for acts committed in good faith in the scope and course of their employment with the state.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jerry E. Rose.